# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

JON MATTHEW VALENCIA,  No. CIV S-09-0616-FCD-CMK-P

    Petitioner,

  vs.  ORDER

HEDGEPETH,

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are several motions Petitioner has filed including a motion to stay (Doc. 22), a request for copies of the transcripts from his state criminal proceedings (Doc. 20), a motion for discovery (Doc. 31), a motion to compel (Doc. 44) and a motion to appoint counsel (Doc. 39).  Respondent has also filed a motion to dismiss (Doc. 24), which will be addressed separately.

    Petitioner also previously filed an application to proceed in forma pauperis (Doc. 6).  As petitioner had paid the filing fee, this application was not addressed as it was unnecessary.  It now appears necessary to address it, and the court finds the affidavit submitted meets the requirements of 28 U.S.C. § 1915(a), showing that petitioner is unable to prepay fees and costs or

1

give security therefor.  His request to proceed in forma pauperis will therefore be granted.

In Plaintiff's request for counsel, he claims counsel is necessary due to his mental incapacity.  In support of this motion, Plaintiff alleges that prior to entering into the plea agreement he is challenging in his petition, he was deemed incompetent to stand trial.  At issue in this case is whether Plaintiff will be entitled to equitable tolling in order for his petition to be deemed timely filed.  In the motion to dismiss, Respondent argues the statute of limitations expired prior to the filing of the petition.  In response, Petitioner argues he should be entitled to equitable tolling due to his mental incapacity.

In light of the complexity of the issues involved, the court has determined that the interests of justice require appointment of counsel.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Petitioner's request will therefore be granted.  Petitioner's counsel will be directed to respond to the pending motion to dismiss within 60 days.  If this case survives the motion to dismiss, counsel will be provided an opportunity to address the petition and either file an amended petition or supplemental briefing.

In Petitioner's other motions, he is requesting a copy of the transcript from his underlying criminal proceedings, additional discovery, and to compel the production of documents he requested from Respondent.  He is also requesting the court stay these proceedings pending the exhaustion of additional claims in state court.  In light of the appointment of counsel, these motions will be denied without prejudice.  If this case survives Respondent's motion to dismiss, Petitioner may raise these issues again if appropriate.

Petitioner is also requesting the court serve a copy of his reply regarding his competency.  The court notes that Respondent's counsel received a copy of Petitioner's opposition electronically.  Therefore, this motion will be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1.      Petitioner's motion for leave to proceed in forma pauperis (Doc. 6) is granted.

2. Petitioner's motion for appointment of counsel is granted (Doc. 26);

3. The Federal Defender is appointed to represent petitioner;

4. The Clerk of the Court is directed to serve a copy of Petitioner's habeas corpus petition and a copy of this order on David Porter, Assistant Federal Defender;

5. Petitioner's counsel may contact the Clerk's Office to make arrangements for copies of other documents in the file;

6. Within 60 days of the date of this order, Petitioner's counsel shall respond to the pending motion to dismiss (Doc. 24);

7. Petitioner's motion to stay (Doc. 22), request for copies of transcripts (Doc. 20), motion for discovery (Doc. 31), and motion to compel (Doc. 44) are denied without prejudice; and

8. Petitioner's motion to serve a copy of his reply (Doc. 39) is denied as moot.

DATED: March 29, 2010

                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE