IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON MATTHEW VALENCIA, | No. CIV S-09-0616-KJM-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| HEDGEPETH, | |
| Respondent. | |
| _____/ | |

    Petitioner, a state prisoner proceeding with appointed counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's motion to dismiss the petition on the grounds that it was filed beyond the one-year statute of limitations, 28 U.S.C. § 2244(d) (Doc. 24). Petitioner filed a pro se opposition to the motion, prior to the appointment of counsel (Doc. 27), and respondent filed a reply (Doc. 35). After the court's initial review of the motion and opposition, the court determined appointment of counsel in this case would be beneficial. Following the appointment of counsel, the court provided additional time for petitioner to file a supplemental opposition, which was filed in December 2010. In addition to petitioner's opposition, petitioner also filed a motion for discovery (Doc. 67). Again allowing time for further briefing on the issue, respondent's

1

opposition to the motion for discovery has been filed (Doc. 73), and petitioner's reply has been filed (Doc. 75).

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss Petitioner's federal habeas corpus petition as filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d). Petitioner asserts, *inter alia*, that he is entitled to equitable tolling due to mental incapacities.

**I.      Statute of Limitations**

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

review.  See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered

"pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, petitioner is challenging his 2004 conviction. Petitioner entered into a plea bargain, which was accepted by the trial court, and judgment was entered on September 8, 2004.[1] (See Lodged Doc. 1 (Abstract of Judgment)). No direct appeal was taken of that conviction, which became final 60 days later, on November 8, 2004. Pursuant to 28 U.S.C. § 2244(d), in order to be timely filed, petitioner's federal habeas petition had to be filed within one year after his conviction was final, absent any tolling. Thus, petitioner's federal habeas petition had to be filed on or before November 9, 2005. However, petitioner's federal petition was not filed until March 5, 2009. Thus, absent any available tolling, petitioner's federal petition is untimely.

---

[1] The Abstract of Judgment was modified January 2, 2007, in order to set the restitution amount. (See Lodged Doc. 2 (Amended Abstract of Judgment)). That modification, however, did not affect his sentence, and counsel concedes the statue of limitations period commenced November 8, 2004.

As for any available tolling, where no direct appeal was filed, the court looks to any properly filed state habeas petition to determine whether any statutory tolling applies. Petitioner's first state habeas petition was not filed until April 4, 2007, well after the one year statute of limitations had run. Thus, absent any available equitable tolling, petitioner's federal habeas petition is untimely.[2]

## II.   Equitable tolling

Because the statute of limitations under 28 U.S.C. § 2244(d) is not jurisdictional, it is subject to traditional equitable tolling principles. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

In Pace, the Supreme Court held that equitable tolling was not applicable because "petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419. In Beeler, the district court granted equitable tolling and the respondent sought a writ of mandamus to reverse the district court's order. See 128 F.3d at 1288. In denying the respondent's mandamus petition, the Ninth Circuit addressed the district court's decision to grant equitable tolling as follows:

> Having decided that [the statute of limitations] can be tolled, we have no basis for upsetting the district court's decision to allow Beeler more time to file his petition. The district court found that Beeler's lead counsel, Scott Braden, had diligently pursued the preparation of Beeler's petition. Braden, however, withdrew after accepting employment in

---

[2] Counsel for petitioner makes a procedural default argument regarding whether California's timeliness rule is an adequate state ground sufficient to bar federal habeas review. However, as respondent argues, before this court can get to such an argument, it first has to be determined whether plaintiff is entitled to any equitable tolling in order to render his federal habeas petition timely. Without equitable tolling, there is no doubt the statute of limitations pursuant to § 2244(d) ran prior to any state habeas petition being filed. As such, if there is no equitable tolling available to petitioner, whether the state's procedural bar is sufficient is irrelevant.

> another state, and much of the work product he left behind was not usable by replacement counsel – a turn of events over which Beeler had no control. There were thus "extraordinary circumstances" which justified tolling [the] statute of limitations.

Id. at 1289.

In Kelly, the Ninth Circuit again denied mandamus relief and held that equitable tolling was appropriate because:

> [A]s part of its order that Kelly be mentally evaluated, the district court ordered "that all other aspects of this case be, and hereby are, stayed pending final determination by this Court of the Petitioner's mental capacity to proceed." The only reasonable reading of this order was that it prohibited Kelly's attorney's from filing a habeas petition, which is how the district court itself construed it. . . . This stay of the proceedings prevented Kelly's counsel from filing a habeas petition and, in itself, justifies equitable tolling.

163 F.3d at 541.

In addition, the egregious misconduct of counsel may warrant equitable tolling. See Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003). The Ninth Circuit has concluded, however, that equitable tolling is not appropriate based on the ordinary negligence of counsel. See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001). Mental incompetence may also warrant equitable tolling for the period the prisoner was incompetent if he can show that the incompetency in fact caused the delay. See Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003).

The Ninth Circuit has recently addressed a petitioner's eligibility for equitable tolling due to mental impairment, and set forth a two-part test a petitioner must meet:

> (1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>     (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>     (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citing Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2562 (2010).

6

The Court thus directed the proper inquiry of the districts courts as follows:

> (1) find the petitioner has made a non-frivolous showing that [petitioner] had a severe mental impairment during the filing period that would entitled him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

Id. at 1100-01.

Here, petitioner argues he is entitled to equitable tolling due to mental impairment.[3] In support of his argument that he suffers from severe mental impairment, petitioner submits his declaration and medical records. The declaration petitioner submitted states that he has "a documented history of mental illness which on occasion affects my ability to concentrate and think." This statement, even if given full credibility and weight, does not raise to the level needed to find him entitled to equitable tolling nor to meet the first step to entitle him to an evidentiary hearing on the issue. Specifically, it indicates only an occasional diminishing of his abilities, and does not address when during the relevant time frame his abilities were diminished nor how long they were diminished during that time.

As petitioner's counsel argues, an evidentiary hearing is only available where petitioner makes a good-faith allegation that would, if true, entitle him to relief. Here, the undersigned does not find such a good-faith allegation. Petitioner has been provided a significant amount of time, and the assistance of an attorney, to provide the court with documentation to

---

[3] Petitioner also raised other basis for equitable tolling in his pro se opposition, which are not expanded upon by counsel. To the extent petitioner claims entitlement to equitable tolling for lack of access to a law library, lack of legal expertise, or failure of counsel to provide a complete file, such basis is insufficient in this case. Not only does petitioner fail to show how these circumstances were extraordinary so as to prevent him from filing his state court petition, but he also fails to demonstrate diligence in that he fails to set forth what steps were taken (such as dates requests were made and responses received thereto) in pursuance of his case. His conclusory statements, such as he attempted to obtain his file, which he only received piecemeal, are insufficient. Requesting transcripts from the courts in 2007 was well beyond the statute of limitations.

7

substantiate his claim of mental health issues. However, the documents provided to the court, including his medical records from his head injury at age 12, and his prison medical records fail to support his argument. While there are treatment notes indicating depression and some possible psychosis, there is no extensive mental health treatment and the records indicate improvement and positive responses to the medication. In fact, during the relevant time period of 2004 and 2005, there are limited treatment notes which do not indicate significant on-going mental incompetence. While petitioner was prescribed medication, including antidepressant and antipsychotic medication, there is no indication that he was being treated for incompetence or being specially housed due to his mental heath issues. Rather, it appears he was being housed in general population without any evidence of his inability to function at that level. There is certainly no indication that petitioner received the level of treatment that would be expected if he was suffering from such severe mental health issues to render him unable either to understand the need to timely file his habeas petition, or personally prepare his habeas petition and effectuate its filing. Stating that he had "serious mental problems for many years" is simply not sufficient to warrant further evidentiary development. Similarly, an indication that he was found incompetent in 2003 (prior to the proceedings at issue herein) and his referral for evaluation during the underlying proceedings, do not specifically impact the relevant time period at issue in this case, specifically 2004 and 2005. Again, there is simply no indication of the type of serious mental health incompetence which would lead this court to further review petitioner's mental health state during the one-year period of time he had to file his habeas petition.[4]

///

///

---

[4] In addition, petitioner argues physical illness as a basis for equitable tolling. However, the showing made on his physical illness claim is even less than on his mental illness claims. While petitioner argues he was adversely affected by his symptoms from Valley Fever, that illness was not contracted until 2007, well beyond the statute of limitations. Thus, the undersigned finds no support for his contention that he is entitled to equitable tolling due to physical illness.

The undersigned finds, based on the lack of showing made herein, that petitioner is not entitled to an evidentiary hearing and is not entitled to equitable tolling of the statute of limitations. Therefore, the statute of limitations expired prior to his filing his first state habeas petition in 2007, thus rendering his federal habeas petition, filed in 2009, untimely.

### III.  Claim Seven

Respondent also moves to dismiss claim number seven of the petition as it fails to state a basis for federal habeas relief in that the claim does not satisfy the "in custody" requirement. Claim seven challenges the restitution amount the state court ordered in 2007.

The Ninth Circuit has explicitly held that "an attack on a restitution order is not an attack on the execution of a custodial sentence . . . . [Thus,] § 2254(a) does not confer jurisdiction over a challenge to a restitution order." Bailey v. Hill, 599 F.3d 976, 892-83 (9th Cir. 2010) (citing United States v. Kramer, 195 F.3d 1129 (9th Cir. 1999)).

Accordingly, the undersigned finds petitioner is not entitled to federal habeas corpus relief on claim seven. This claim should be summarily dismissed.

### IV.  Motion for Discovery

Rule 6(a) of the Rules Governing § 2254 cases provides that the court may, for good cause, allow discovery and may limit the extent of discovery. Rule 6(b) requires a party requesting discovery to provide reasons for the request, and to specify any requested documents. Unlike civil litigants, a habeas petitioner is not presumptively entitled to discovery. See Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999). "Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" Id. at 1067 (quoting Calderon v. U.S.D.C. (Nicholaus), 98 F.3d 1102, 1106 (9th Cir. 1996)). "A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." Id. at 1068 (citing Bracy v. Gramley, 520 U.S. 899, 903-05 (1997)). "The availability of any discovery during a habeas proceeding is committed to the sound discretion of the district court." Campbell v. Blodgett, 982

1  F.2d 1356, 1358 (9th Cir. 1993)." Good cause may be shown "'where specific allegations before
2  the court show reason to believe that the petitioner may, if the facts are fully developed, but able
3  to demonstrate that he is . . . entitled to relief.'" Bracy, 520 U.S. at 908-09 (quoting Harris v.
4  Nelson, 394 U.S. 286, 300 (1969)).

5  "[D]iscovery is available to habeas petitioners at the discretion of the district court
6  judge for good cause shown, regardless of whether there is to be an evidentiary hearing." Jones
7  v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997) (citing Rule 6(a); Calderon v. U.S.D.C., 89 F.3d
8  1102, 1104 (9th Cir. 1996)).

9  Here, petitioner requests the ability to employ a forensic psychologist to determine
10 petitioner's mental state during the relevant time frame, and to depose petitioner's two prior trial
11 counsel. Counsel argues that as lay persons in the field of medicine, neither the court nor counsel
12 can determine whether petitioner suffered the type of mental illness which would affect his
13 abilities to bring his case before the court. While the court and counsel may not have the
14 extensive medical training a forensic psychologist would have, the court and counsel can
15 certainly review relevant medical documents to determine whether petitioner received the type of
16 treatment which would indicate a serious mental deficiency during the limitations period. As
17 discussed above, a review of the medical records submitted fails to show such treatment. Thus,
18 petitioner has not made a good faith showing that he is entitled to discovery.

19 As for deposing petitioner's prior trial counsel, the court similarly finds no good
20 cause. Current counsel indicates in the motion that he spoke with at least one of petitioner's
21 prior trial counsel. If there was anything counsel could add to the discussion, current counsel
22 could have obtained that information by declaration. It is unclear to the court what difference it
23 makes whether one or both of petitioner's prior counsel made the decision to have petitioner's
24 mental health evaluated. Finally, counsel fails to make any showing as to what prior counsel
25 could add to the discussion through a deposition.
26 / / /

Thus, the undersigned finds petitioner fails to meet his burden of showing good cause to justify the use of discovery in this matter.

### V.     Conclusion

The undersigned finds the petitioner's federal habeas petition to be untimely. The statute of limitations expired prior to the filing of petitioner's first state habeas petition, and he is not entitled to equitable tolling during that time frame. As the statue had run prior to the filing of the first state habeas petition, the numerous subsequent state petitions that were filed are of no consequence. In addition, petitioner has failed to meet his burden of showing good cause to entitled him to either equitable tolling or discovery.

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 24) be granted; and
2. Petitioner's motion for discovery (Doc. 67) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 24, 2011

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE